Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000590
28-DEC-2011
01:06 PM

NO. CAAP-11-0000590

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MEW GUNN YIM, Plaintiff-Appellant, v.
GEOFFREY M.S. PANG; ROSITA W. C. WONG;
and ROWEN N. YOUNG, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0232)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Plaintiff-Appellant Mew Gunn Yim (Appellant Yim) has asserted from the Honorable Rhonda A. Nishimura's July 11, 2011 "Order Granting Geoffrey Pang's Motion to Dismiss Mew Gunn Yim's Complaint Filed on February 1, 2010, Filed on April 11, 2011[,] and Defendant Rowen N. Young's Joinder in Defendant Geoffrey Pang's Motion to Dismiss Mew Gunn Yim's Complaint Filed on February 1, 2010, Filed April 11, 2011, Filed

on May 23, 2011" (the July 11, 2011 order), because the July 11, 2011 order is not independently appealable.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated Rule 58 of the Hawaii Rules of Civil Procedure (HRCP), which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for

want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

The July 11, 2011 order is not a judgment. On September 27, 2011 the record on appeal for Appeal No. CAAP-11-0000590 was filed, at which time the record on appeal did not contain a separate judgment that resolved all claims, as HRCP Rule 58 requires for an appeal under the holding in Jenkins. Absent an appealable final judgment, we lack jurisdiction over appellate court case number CAAP-11-0000590. Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000590 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 28, 2011.

Chief Judge

Associate Judge

Associate Judge

-3-